As to error in judgment not constituting negligence, see Hoyt v. N. Y., L. E. & W. R. R. Co., 118 N. Y. 399; McClain v. B. C. R. Co., 116 Id. 549; Buhrens v. D. D., E. B. & B. R. R. Co., 53 Hun, 171; Betts v. Village of Gloversville, 56 Id. 637; Scott v. Penn. R. R. Co., Id. 640; Cook v. N. Y. C. & H. R. R. R. Co., 59 Id. 617; Foels v. Tonawanda, Id. 567. See Schneider v. S. A. R. R. Co., *ante*.

CHARLES J. QUINBY, Appellant, *v.* EDMUND H. CARHART *et al.*, Respondents.

*Court of Appeals, April* 26, 1892.

1. *Estoppel.*—The fact that goods were charged to one person on the vendor's books is not conclusive against his claim that they were actually sold to another person.

2. *Same.*—An action, brought for the vendor's benefit against the former, in which the vendor claimed and gave evidence to show that the sale was directly to him, while it is strong evidence, does not estop the vendor from maintaining an action against the latter, who was not a party to the prior action. Neither does the doctrine of the election of remedies apply in such a case.

3. *Trial charge.*—Where the language of the charge is not strictly accurate, but may be so construed as to embody error, the counsel, if he supposes that there is danger that the jury will be misled by it, should ask to have it made more explicit.

4. *Appeal. First instance.*—A claim, not made or referred to on the trial, cannot be made the basis of relief in the court of appeals.

Appeal from judgment of the New York superior court, general term, affirming judgment entered in favor of defendant upon verdict of a jury, and order denying plaintiff's motion for a new trial.

ᴗ *William P. Fiero*, for appellant.

*Ira D. Warren*, for respondents.

EARL, Ch. J.—The sole question in this case is whether the plaintiff became legally bound to pay the defendants for goods shipped by them to a mercantile firm in Charleston, South Carolina, in the year 1884. He contends that he stood at most as a guarantor for the payment of the goods ; and as his agreement rested wholly in parol, he claims that it was void and not binding upon him under the statute of frauds. The defendants, on the contrary claim, that the goods were sold to him and shipped at his request to the Charleston firm, and that, therefore, there was an original liability on his part to pay for the goods. The evidence in reference to the matter is very conflicting, and it is quite difficult to determine from it precisely what the truth is. The learned trial judge, in his charge to the jury, said : I confess to you that the evidence is very conflicting. It is impossible to reconcile it. It is almost impossible to reconcile one witness' testimony, some parts with others. But such as it is, you must consider it and try to come to some conclusion in the matter." But the issue between the parties is greatly narrowed by the allegation in the plaintiff's complaint that he " was a merchant, and in the habit of purchasing goods in the city of New York for the southern market, and for many years had purchased large quantities of goods on time from the firm of Whitford & Co. (the defendants), and consigned the same for sale to parties in Charleston in the state of South Carolina," and substantially that the course of business continued to March 5th, 1884. These allegations were admitted by the answer,

and there was oral evidence to confirm them. It must, therefore, be taken as established by the pleadings and proofs that for many years prior to the 5th day of March, 1884, the plaintiff purchased goods upon his own credit from the defendants and shipped them to the Charleston firm; that he paid the defendants for such goods; that they allowed him a discount of ten per cent. from the price of the goods; that he sold or consigned the goods to the Charleston firm, and obtained reimbursement from it, with a profit of ten per cent. He claims, and gave evidence tending to show, that on the 5th day of March he went to the defendants and put an end to that arrangement; that he then paid them the balance due from him for goods thus sold and shipped to the first day of February, which, according to the prior arrangement, was one of the semi-annual pay days, and that he substantially notified them that he would no longer be responsible for goods shipped to the Charleston firm. This evidence on the part of the plaintiff the defendants contradicted by evidence on their part. They gave evidence tending to show that they did not on the 5th day of March receive any such notification from the plaintiff, and that the goods thereafter were shipped just as they had been before, and under the same arrangement. So we think the jury could find upon the evidence that the goods were sold to the plaintiff, and upon his credit.

The fact that the goods were charged to the Charleston firm on defendants' books is not conclusive against their claim that they were actually sold to the plaintiff. They gave some evidence tending to show that they were thus charged upon the plaintiff's request, and that at some subsequent time they were entered in the account against him by an understanding between the parties.

Subsequent to the sale of these goods the defendants made a general assignment for the benefit of their creditors, and the assignee brought an action against the Charleston firm alleging a sale to them and seeking to recover from them the

amount due after crediting upon the price of the goods the money deposited with the defendants by the plaintiff, which is now claimed in this action. It appears that the assignee, during the pendency of that action, was discharged; that after his discharge the further prosecution of the action was conducted for or on behalf of the defendants, and that on the trial of that action they gave evidence tending to show that the sale of the goods was directly to the Charleston firm. It is quite clear that their claim in that litigation between the assignee and the Charleston firm, was inconsistent with the claim they made upon the trial of this action. But their attitude in that action does not conclude them in this.

It is conceivable and possible that they actually sold the goods to the plaintiff and having delivered them to the Charleston firm that they should seek to recover the purchase price from that firm. But the plaintiff cannot have the benefit of the adjudication in that action as he was not a party thereto. The attitude of the defendants in that action was a circumstance strongly bearing upon the issues in this action. The doctrine of the election of remedies does not apply, and as to the plaintiff the defendants are not estopped by their statements or action in the Charleston litigation. They may have taken a false position in that action. But there is no rule of law prohibiting them from taking what they claim to be the true position in this. What they said and did in that action bears upon their good faith and credit in this, and can have no other effect, and while it has a strong tendency to bring discredit upon their contention in this action, still upon all the very conflicting evidence there remained questions of fact for the jury, and they having found in favor of the defendants we are concluded by their verdict.

After the principal charge of the trial judge, the defendants' counsel requested him to charge the jury, " that the allegation in the complaint that this was a purchase of goods from Carhart, Whitford & Company, and the admission in the

answer that that was a purchase, is conclusive, on that question, and the jury cannot consider any other evidence; that that is absolutely conclusive," and the judge so charged. The plaintiff's counsel now complains of this charge as erroneous. The language of the judge was not strictly accurate, and could be so construed as to embody error. There was no allegation in the complaint that the plaintiff purchased of the defendants the goods now in controversy, and the judge could not have meant that there was. If he had meant that, and such had been his construction of the complaint, he should have non-suited the plaintiff, or directed a verdict for the defendants, and nothing would have been left for litigation. He had previously stated accurately what the allegations of the complaint were, and both parties and the jury must have understood the charge to have reference to the purchase of goods before March 5, 1884, as alleged in the complaint. If the counsel for the plaintiff supposed that there was danger that the jury would be misled by the language used, he should have asked to have it made more explicit. The judge did not err in his view of the law that an allegation made in the complaint and admitted in the answer absolutely concluded the parties in the action.

The claim of the plaintiff that he was in any event entitled to recover ten per cent. upon the price of the goods under his contract with the defendants is unfounded. If he had paid for the goods and had thus performed his contract, he would have been entitled to the allowance. But he did not claim this ten per cent. upon the trial. There was no ruling upon it, and it was in no way mentioned there. He can, therefore, claim no relief in reference thereto upon this appeal.

This case was so tried, and the evidence was so confused and conflicting that we do not feel certain as to the real merits of this controversy. It was incumbent upon the plaintiff here to point out some error prejudicial to him. In

Opinion of the Court, by GRAY, J.

this we think he has failed, and the judgment should be affirmed, with costs.

All concur.